IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES D. LEWIS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, ADMINISTRATIVE OFFICES OF THE UNITED STATES COURTS, and PATRICK KEANEY,<br><br>Defendants. | CV 18-42-BU-BMM-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I. Introduction**

Plaintiff James Lewis, appearing pro se, filed an application for leave to proceed in forma pauperis. Lewis submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Lewis's application is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Lewis's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable

1

provisions of section 1915(e)(2) requires dismissal of an action that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The Court will review Lewis's pleading to consider whether any of his claims can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

**II. Background**

Lewis was a party to a civil action litigated in the Eastern District of Oklahoma identified as 6:14-cv-00362-RAW. Lewis alleges that in February, 2016, Patrick Keaney, Clerk of Court for the Eastern District of Oklahoma, improperly filed a document identified as number 132 in the district court's electronic filing system.

Document 132, as acknowledged by Lewis, is an Order and Opinion issued by the presiding judge in the case, United States District Judge Ronald A. White.[1] According to Lewis, the original document 132 was amended, but the amended Order and Opinion filed by Clerk Keaney was improperly filed in the record as document 132. Lewis asserts that the actions of Clerk Keaney in filing the

---

[1] Under Federal Rule of Evidence 201 the Court may take judicial notice of matters in the judicial record of another court. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation and quotation omitted).

2

amended Opinion and Order of Judge White under the same docket number 132 effectively "hides" the original from public view. Importantly, Lewis does not allege Clerk Keaney was doing anything other than performing his ministerial duties as directed by Judge White. In Lewis' mind, Clerk Keaney's conduct constitutes negligence for which the United States, acting through the Administrative Office of the Courts is liable under the Federal Tort Claims Act ("FTCA") 28 USCA § 2671 et. seq.[2] Lewis is flat wrong.

**III. Discussion**

Because Lewis is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Keener*, 404 U.S. 519, 520 (1972). *See also Nusku v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*,

---

[2] Venue lies in either the District of Montana or the Eastern District of Oklahoma. 28 U.S.C. § 1391(e)(1). And the Court has discretion to transfer this case to the Eastern District of Oklahoma for the convenience of parties and witnesses, or in the interest of justice. 28 U.S.C. § 1404(a); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). But the Court finds it appropriate to resolve this action pursuant to the immunity doctrine discussed.

3

58 F.3d 494, 497 (9th Cir. 1995)).

Lewis asserts the United States, through Keaney's acts or omissions, is liable under the provisions of the FTCA. The FTCA waives the United States' sovereign immunity for certain claims against it, and permits the imposition of liability against the United States for negligence or wrongful acts or omissions "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Specifically, FTCA claims are permitted "against the United States [...] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Lewis suggests Keaney and the United States are liable due to Keaney failure to comply with the Case Management/Electronic Case Files system rules or requirements. However, such rules or requirements are not encompassed within the law of Oklahoma where Keaney's act or omission occurred. Therefore, those rules or requirements cannot give rise to liability remediable under the FTCA.

Alternatively, Keaney argues the United States and Keaney are liable for Keaney's alleged negligence for his conduct in filing of subject document 132 in the court's filing system in the Eastern District of Oklahoma. Thus, the negligence law of Oklahoma could provide grounds for liability through the FTCA.

But with respect to Lewis's negligence claims, Keaney, as a Clerk of Court,

4

is entitled to immunity from liability. A clerk of court has absolute quasi-judicial immunity from liability for activities which are an integral part of the judicial process. *Sharma v. Stevens*, 790 F.2d 1486, 1486 (9th Cir. 1986). Therefore, a claim against a clerk of court under the FTCA is subject to dismissal based on the clerk's immunity. *Id*.

Furthermore, under the FTCA the United States is "entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled." 28 U.S.C. § 2674. Thus, because Keaney is entitled to immunity, the United States is also entitled to immunity. *See Golden v. United States*, 118 Fed. Cl. 764, 770-71 (Fed. Cl. 2014).

## IV Conclusion

Based on the forgoing, the Court concludes Lewis's complaint fails to state a claim upon which relief could be granted, and also seeks monetary relief against Defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2). Therefore, IT IS RECOMMENDED that this action be DISMISSED.

DATED this 18th day of July, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge

5