# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| JAMES D. LEWIS, JR., | |
| Plaintiff, | CV 18-42-BU-BMM-JCL |
| vs. | |
| UNITED STATES OF AMERICA, ADMINISTRATIVE OFFICES OF THE UNITED STATES COURTS, and PATRICK KEANEY, | **ORDER** |
| Defendants. | |

Plaintiff James Lewis, Jr. (Lewis) filed a Complaint *pro se* on July 2, 2018. (Doc. 2). Named as defendants are Patrick Keaney (Keaney), the Clerk of Court for the Eastern District of Oklahoma, and the United States. Lewis asserts a negligence claim against Keaney. Lewis alleges that Keaney improperly filed a document in a civil case in the Eastern District of Oklahoma in which he was a party. Lewis alleges that the United States, acting through the Administrative Office of the Courts, is liable for Keaney's negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq.

United States Magistrate Judge Jeremiah Lynch conducted an initial screening of Lewis's Complaint under 28 U.S.C. § 1915 on July 18, 2018. (Doc. 14). Judge Lynch determined that the Complaint failed to state a claim upon which

relief may be granted.  (Doc. 14 at 5).  Judge Lynch explained why the Complaint failed to state a cognizable claim for relief under federal law.  (Doc. 14 at 3-5).  Judge Lynch explained that the negligence claim against Keaney is subject to dismissal because a Clerk of Court possesses absolute quasi-judicial immunity from liability for activities that are an integral part of the judicial process.  (Doc. 14 at 5).  Judge Lynch explained that FTCA claim against the United States is subject to dismissal because the United States also possesses judicial immunity.  *Id.*  Lewis filed objections to Judge Lynch's Findings and Recommendations.  (Docs. 19, 31, 32).

The Court reviews de novo findings and recommendations to which objections are made.  28 U.S.C. § 636(b)(1)(C).  The Court reviews for clear error all other findings and recommendations.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.  A Clerk of Court possesses quasi-judicial immunity for activities performed as part of her official duties.  *Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986).  The United States "is entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim."  28

U.S.C. § 2674. Given that Keaney is entitled to immunity, the United States is also entitled to immunity. *See Golden v. United States*, 118 Fed. Cl. 764, 770-71 (Fed. Cl. 2014).

Accordingly, IT IS ORDERED:

1. Lewis's Complaint (Doc. 2) is DISMISSED with prejudice.

2. Any appeal of this decision would not be taken in good faith as Lewis's Complaint fails to state a claim upon which relief may be granted. Fed. R. App. P. 24(a)(3)(A)

3. The Clerk is directed to enter judgment accordingly.

DATED this 6th day of September, 2018.

Brian Morris
United States District Court Judge