IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES D. LEWIS, JR.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>ADMINISTRATIVE OFFICE OF<br>THE UNITED STATESX COURTS,<br>and PATRICK KEANEY,<br><br>　　　　　Defendants. | CR 18-42-BU-BMM-JCL<br><br><br>FINDINGS AND<br>RECOMMENDATION |

　　Before the Court is Plaintiff Lewis's motion denominated "Motion to the Court to Amend its Findings." (Doc. 37). For the reasons stated, the motion should be denied.

　　A judgment dismissing this action with prejudice was entered on September 6, 2018. (Doc. 34). Construing the motion of Lewis, appearing pro se, liberally, the Court views the motion as a Fed. R. Civ. P. 59(d) motion to amend the judgment on the ground of legal error by the Court. In the alternative, the motion may be viewed as a Fed. R. Civ. P. 60(b)(1) motion. In this regard, the most poignant statements in Lewis's disjointed motion are: (1) that the Court erred in not

1

summoning the named defendants to answer his complaint; and (2) that the judgment should therefore be set aside and default judgment entered in Lewis's favor.

Fed. R. Civ. P. 59(e) mandates that a motion to alter or amend a judgment be filed "no later than 28 days after entry of the judgment." No authority exists for a court to extend the 28 day period. See Fed. R. Civ. P. 6(b)(2); see also *Lexon Ins. Co. v. Naser,* 781 F.3d 335, 338 (6th Cir. 2015). And because "filing," not service, triggers the 28 day period under Rule 59, the 3-day extension afforded by Rule 6(a) after certain kinds service is inapplicable. Here, the 28-day period afforded Lewis to file a Rule 59(e) motion expired on October 4, 2018. Because Lewis's motion was not filed until October 5, 2018, it is untimely.

The Court, however, deems it appropriate to treat Lewis's untimely Rule 59(e) motion as a Rule 60(b)(1) motion grounded in Lewis's assertion that entry of judgment was the product of legal error by the Court. Treated as a Rule 60(b)(1) motion, the motion was filed within a reasonable time and is therefore timely.

In seeking relief under Rule 60(b)(1), a plaintiff bears the burden of establishing the merits of his position. Lewis has failed to sustain that burden. Lewis fails to present a cogent, much less a compelling argument as to how the Court committed legal error in concluding that Defendant Keaney is entitled to

quasi-judicial immunity for the performance of his official duties of which Lewis complains. And as previously explained by the Court, the immunity of the United States flows from the immunity enjoyed by Keaney. (Doc. 33). In essence, Lewis presents nothing more than a rehash of his previously rejected arguments. Therefore,

IT IS RECOMMENDED that Plaintiff's "Motion to the Court to Amend its Findings" (doc. 37) be DENIED.

DATED this 11th day of October, 2018

_____
Jeremiah C. Lynch
United States Magistrate Judge