# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JAMES D. LEWIS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, and PATRICK KEANEY, <br><br> Defendants. | **CV-18-42-BU-BMM-JCL** <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

A judgment dismissing this action with prejudice was entered on September 6, 2018. (Doc. 34). Plaintiff James D. Lewis subsequently filed a motion titled "Motion to the Court to Amend its Findings." (Doc 37). Construing the motion of Lewis, appearing pro se, liberally, the Court views the motion as a Fed. R. Civ. P. 59(d) motion to amend the judgment on the ground of legal error by the Court.

In the alternative, the motion may be viewed as a Fed. R. Civ. P. 60(b)(1) motion. Viewed under this lens, Lewis makes the following claims in his motion: (1) that the Court erred in not summoning the named defendants to answer his

1

complaint; and (2) that the judgment should be set aside and default judgment entered in Lewis's favor.

Fed. R. Civ. P. 59(e) mandates that a motion to alter or amend a judgment be filed "no later than 28 days after entry of the judgment." No authority exists for a court to extend the 28-day period. *See* Fed. R. Civ. P. 6(b)(2); *see also Lexon Ins. Co. v. Naser*, 781 F.3d 335, 338 (6th Cir. 2015). Because "filing," not service, triggers the 28-day period under Rule 59, the 3-day extension afforded by Rule 6(a) after certain kinds of service is inapplicable. The 28-day period afforded Lewis to file a Rule 59(e) motion expired on October 4, 2018. Because Lewis's motion was not filed until October 5, 2018, it is untimely.

Judge Lynch treated Lewis's untimely Rule 59(e) motion as a Rule 60(b)(1) motion grounded in Lewis's assertion that entry of judgment was the product of legal error by the Court. Treated as a Rule 60(b)(1) motion, the motion was filed within a reasonable time and therefore proves timely.

In seeking relief under Rule 60(b)(1), a plaintiff bears the burden of establishing the merits of his position. Lewis failed to sustain that burden. Lewis fails to present a clear or compelling argument as to how the Court committed legal error in concluding that Defendant Keaney is entitled to quasi-judicial immunity for the performance of his official duties of which Lewis complains. And as previously explained by the Court, the immunity of the United States flows

2

from the immunity enjoyed by Keaney. (Doc. 33). In essence, Lewis re-argues his previously rejected arguments.

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on October 11, 2018. (Doc. 38). Judge Lynch recommended that Plaintiff's "Motion to the Court to Amend its Findings" be denied.

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Lewis timely filed objections to Magistrate Judge Lynch's Findings and Recommendations. (Doc. 39). These objections are an attempt to engage the district court in a debate of the same arguments Judge Lynch addressed in the Findings and Recommendations (Doc. 38). Lewis's objections simply restate what

Judge Lynch already addressed and the Court finds no clear error in Judge Lynch's Findings and Recommendations. (Doc. 38).

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 38) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to the Court to Amend its Findings" (Doc. 37) is **DENIED**.

DATED this 6th day of November, 2018.

Brian Morris
United States District Court Judge